IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY<br>ONE STATE FARM PLAZA<br>BLOOMINGTON, IL  61710,<br>              Plaintiff,<br><br>        v.<br><br>CARLOS ANGULO-ABARGUEN<br>1837 WEST WOOODLAWN STREET<br>ALLENTOWN, PA  18104<br>              Defendant. | CIVIL ACTION NO.: |

## COMPLAINT

Plaintiff, State Farm Fire and Casualty Company ("Plaintiff"), by and through undersigned counsel, hereby demands judgment against the above-captioned Defendant, Carlos Angulo-Abarguen ("Defendant"), complaining against him as follows:

## PARTIES

1. Plaintiff is an Illinois corporation with its principal place of business at the above-captioned address.

2. At all relevant times, Plaintiff was authorized to provide in Pennsylvania the insurance described herein.

3. At all relevant times, Plaintiff provided – via an in-force policy – property (*inter alia*) insurance to Ana Quizhpi ("subrogor") in connection with her tenant-occupied property at 1837 West Woodlawn Street in Allentown, Pennsylvania ("subject property").

4. As a result of related claims made on said policy in connection with the incident described below, Plaintiff became subrogated to certain recovery rights and interests of subrogor – i.e. for monies paid per the policy – including as to the claims asserted via this action.

5. Upon information and belief, Defendant was at all relevant times an adult individual domiciled in Pennsylvania who resided at the subject property as a tenant.

## JURISDICTION AND VENUE

6. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states; moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

7. Venue is proper in this district based on 28 U.S.C. §1391(a) in that the events giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

8. Plaintiff incorporates by reference the preceding paragraphs as though they were fully repeated here.

9. Upon information and belief, Defendant was a lawfully present tenant/occupant/resident at the subject property on or about December 21, 2025.

10. On or about December 21, 2025, while Defendant was present at the subject property, a fire erupted there.

11. Investigation as to the fire's cause revealed that it resulted from Defendant's negligent use of cooking equipment and/or materials, i.e. he employed a propane grill used with charcoal briquets to cook meat on the subject property's deck.

12. The foreseeably occurring fire resulted in significant damages and harms to subrogor and the subject property in an amount in excess of $300,000.00; said damages and harms were directly and proximately caused by Defendant as is more fully described below.

13. Subrogor submitted to Plaintiff claims relating to such damages and harms pursuant to her above-described policy; Plaintiff has paid and/or will pay such claims consistent with the

policy's terms and conditions, thereby becoming subrogated to the recovery being pursued via this action.

## COUNT I – NEGLIGENCE

14. Plaintiff incorporates by reference the preceding paragraphs as though they were fully repeated here.

15. At all relevant times, Defendant owed subrogor a duty to exercise reasonable care at the subject property and to avoid creating unreasonable risk of harm thereto.

16. Defendant negligently and/or otherwise unlawfully breached this duty of care to subrogor by:

   a. failing to safely and/or properly use the grill;
   b. failing to take adequate precautions to protect the subject property from damage by fire due to improper use the grill;
   c. permitting a dangerous condition to exist by negligently using the grill;
   d. improperly and/or inadequately maintaining the grill so as to prevent damage to the subject property;
   e. failing to adequately protect the subject property from sustaining damage; and/or
   f. otherwise failing to exercise due care under the circumstances.

17. As a result of the damages directly and proximately caused by Defendant's negligent and otherwise standard-non-compliant acts and/or omissions, subrogor sustained and incurred damages to her property (and other harms besides) in an amount in excess of $300,000.00.

18. Defendant owed a duty to subrogor to properly and safely use the subject property – including but not limited to as related to the use of the grill on the date of the fire – without creating an unreasonable risk of harm to subrogor's property; Defendant breached this duty, and his breach directly and proximately caused subrogor's herein-described damages.

19. As described above, subrogor submitted to Plaintiff claims relating to such damages and harms pursuant to her above-described policy; Plaintiff has paid and/or will pay such claims consistent with the policy's terms and conditions, thereby becoming subrogated to the recovery being pursued via this action

**WHEREFORE**, Plaintiff respectfully requests judgment in its favor and against Defendant in an amount in excess of $300,000.00, plus interest, costs of suit, reasonable attorney fees, delay damages, and such other relief as the Court deems appropriate under the circumstances.

**de LUCA LEVINE LLC**

By: ___*/s/ Daniel J. de Luca*___
DANIEL J. de LUCA,
ATTORNEYS FOR PLAINTIFF
PA ATTORNEY I.D. NO.: 74727
301 E. Germantown Pike, Suite 300
East Norriton, PA  19401
215.383.0081 (Ph) // 215.383.0082 (Fx)
ddeluca@delucalevine.com

**Dated:** January 8, 2026